IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA IBANEZ ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| KELMAR & ASSOCIATES, INC. ) | JURY TRIAL DEMANDED |
| d/b/a/ RECORDPROS ) | |
| and ) | |
| PROEDUCATION SOLUTIONS, LLC ) | |
| ) | |
| Defendants. ) | |

PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

4. Plaintiff Melissa Ibanez is an adult individual who resides in Bradford Pennsylvania.

5. Defendant Kelmar & Associates, Inc. d/b/a Recordpros ("Kelmar") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 2553 Jackson Keller #200, San Antonio, TX 78230.

6. Defendant ProEducation Solutions, LLC ("ProEd") is a user of consumer reports for employment purposes that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 491 Partridge Circle, Sarasota, FL 34236.

**FACTUAL ALLEGATIONS**

7. In or around November 1990, Plaintiff was arrested and charged with possession of a controlled substance with the intent to distribute.

8. On November 4, 1993, after Plaintiff's successful completion of the requirements of her sentence, the court discharged Plaintiff from court supervision.

9. On May 5, 2004, the conviction for the aforementioned crime was vacated.

10. The order to vacate specifically states "for all purposes, including responding to questions regarding employment, Melissa J. Ibanez may state she has never been convicted of the crimes."

11. In or around April 2012, Plaintiff applied for a position as a financial aid consultant with ProEd.

12. ProEd requested from Kelmar, and Kelmar sold to ProEd, a consumer report concerning the Plaintiff, on or around April 2, 2012.

13. The report furnished by ProEd was for employment purposes.

14. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with ProEd.

15. Kelmar has been improperly reporting, and did here report, false, derogatory and inaccurate statements about a felony arrest and conviction which was vacated on May 5, 2004, to third parties.

16. The inaccurate information includes, but is not limited to, a 1990 felony charge of possession of and intent to distribute a controlled substance, which was vacated in 2004.

17. Kelmar failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Kelmar followed such procedures it would not have falsely reported a vacated charge and conviction on Plaintiff's consumer report.

18. Plaintiff received no notification from Kelmar that public record information had been reported about her, and Kelmar did not notify Plaintiff of the name and address of the person to whom such information was reported.

19. Upon information and belief, the Plaintiff alleges that Kelmar never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about her, as required by 15 U.S.C. § 1681k(a)(1).

20. Additionally, Kelmar does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Kelmar had maintained such procedures it would not have falsely reported a charge or conviction vacated in 2004 on Plaintiff's consumer report.

21. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, *before* taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A).

22. Here, ProEd used the Kelmar report in its determination about Plaintiff's eligibility for employment, but never provided the required notice that adverse action may be taken based in whole or in part on the information contained in the Kelmar report.

23. The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost.

24. ProEd never provided such a notice to Plaintiff, depriving her of the right to dispute, and have corrected, inaccurate or misleading information reported about her.

25. Subsequent to her application and the sale of a Kelmar consumer report to ProEd, Plaintiff was denied employment as a financial aid consultant and Plaintiff was informed by ProEd that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports and that the inaccurate information was a substantial factor for the denial.

26. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

<u>COUNT ONE – VIOLATIONS OF THE FCRA</u>
<u>(PLAINTIFF V. KELMAR)</u>

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Kelmar was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

31. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Kelmar is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681c, § 1681e(b) and § 1681k.

34. The conduct of Kelmar was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Kelmar is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

<u>COUNT TWO – VIOLATIONS OF THE FCRA</u>
<u>(PLAINTIFF V. PROED)</u>

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto, ProEd was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A).

37. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

38. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

39. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Kelmar is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3).

40. The conduct of ProEd was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, ProEd is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Statutory damages;

    (b)    Actual damages;

    (c)    Punitive damages;

      (d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

      (e)      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ James A. Francis*
James A. Francis, Esquire
Erin A. Novak, Esquire
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

***Attorneys for Plaintiff***

Dated: November 6, 2012